# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>AMADOR SAMUELO FAALAGA,<br><br>Defendant | CASE NO. 1:15-CR-0319 AWI SKO-8<br><br>**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>(Doc. No. 195) |

On July 6, 2020, Defendant Amador Faalaga filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 195. Defendant is currently housed at the FCI Oakdale 1 federal prison in Louisiana. Based on his medical conditions, the conditions of confinement at FCI Oakdale 1, and the Covid 19 pandemic, Defendant seeks compassionate release and either a new sentence of time served or home detention for the remainder of his sentence. See id.

*Background*

On August 31, 2018, pursuant to a plea agreement, Defendant pled guilty to one count of violation of 18 U.S.C. § 841, possession of a controlled substance with intent to distribute. See Doc. Nos. 127, 129.

On November 28, 2018, Defendant was sentenced to a term of imprisonment of 72 months imprisonment. See Doc. No. 158.

To date, Defendant has served about 19 months of his 72 month sentence. His projected release date is February 21, 2024.

On April 17, 2020, Defendant received a notice from the then warden of Oakdale prison that BOP had identified Defendant as being at "high risk" for more severe illness if he were to contract Covid 19. . See Doc. No. 195-3 at Ex. B.

On May 7, 2020, Defendant submitted a request to the Warden for compassionate release. It appears that the request was received by the Warden on May 11, 2020. See Doc. No. 195-3 at Ex. C.

In a letter dated June 10, 2020, the Warden denied Defendant's request. See id.

Defendant filed this motion on July 7, 2020, through counsel. See Doc. No .195.

*Defendant's Argument*

Defendant argues that he has met the § 3582(c)(1)(A) exhaustion requirement because more than 30 days have lapsed since the Warden of Oakdale received his request for compassionate release. Defendant argues that he is at high risk of suffering severe illness or death from Covid 19 because he suffers from morbid obesity, is pre-diabetic, and has a significant history of past drug use.[1] These conditions, when combined with the unmitigated spread of Covid 19 at Oakdale and Oakdale's lack of adequate medical care, establish extraordinary and compelling circumstances. Oakdale had one of the largest outbreaks of Covid 19 in the country. On June 30, 2020, Oakdale had 209 inmates and 20 staff members test positive for Covid 19, and it currently houses 918 inmates. Defendant is housed in an open dormitory that is filled with cubicles containing 3 sets of bunk beds each. The beds are spaced 3 to 4 feet apart. Every week, individuals who are housed in Defendant's dorm are removed into isolation because of Covid 19. Defendant cannot isolate himself or get fresh air, and the ventilation at Oakdale is poor. Prisoners are not required to wear masks, and Defendant does not have access to adequate hygiene or sanitizer. Additionally, Defendant argues that the 18 U.S.C. § 3553 factors weigh in his favor.

---

[1] There is no dispute that Defendant is morbidly obese and that this condition does in fact place him at risk for severe illness from Covid 19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, Defendant does not actually have Type II diabetes and is thus, not placed at further risk from Covid 19. See id. (identifying individuals with Type II diabetes as being at risk for serious illness from Covid 19). Further, the CDC has explained that it is unknown whether past drug use places an individual at risk for severe illness from Covid 19. See www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/other-at-risk-populations/people-who-use-drugs/QA.html#:~:text=Although%20the%20risk%20of%20severe,questions%20related%20to%20their%20risk.

*Government's Opposition*

The United States notes that because more than 30 days have lapsed from the date that the Warden of Oakdale received Defendant's request for compassionate release, Defendant has met § 3582(c)(1)(A)'s exhaustion requirement.  However, the United States argues that the BOP is implementing all current CDC procedures and guidelines and issuing appropriate masks to inmates and staff.  As of July 22, 2020, FCI Oakdale I has 5 inmates and 7 staff with active Covid 19 cases, and has had 7 inmate deaths, 204 inmates recovered, and 18 staff members recovered from Covid 19. [2] A reduction of sentence, based solely on concerns of Covid 19 spreading, is not warranted and will interfere with BOP's anti-Covid 19 efforts.  Although Defendant's morbid obesity, combined with Covid 19, may make Defendant eligible for compassionate release, he represents a continuing danger to the community and the § 3553 factors weigh against compassionate release.  Therefore, compassionate relief is inappropriate.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons."  <u>United States v. Alam</u>, 960 F.3d 831, 832 (6th Cir. 2020); <u>United States v. Raia</u>, 954 F.3d 594, 595 (3d Cir. 2020).  Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i).  Before a defendant makes a request for compassionate release due

---

[2] As of the date of this order, FCI Oakdale I has 2 inmates and 12 staff members with Covid 19. <u>See</u> www.bop.gov/coronavirus/#:~:text=COVID%2D19%20Cases,14%2C067%20in%20community%2Dbased%20facilities.&text=Currently%2C%2010%2C251%20inmates%20and%20870,attributed%20to%20COVID%2D19%20disease.

to "extraordinary and compelling circumstances," defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595; see also Alam, 960 F.3d at 833-34.

*Discussion*

The Third and Sixth Circuits have found that the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19. Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019). Consistent with *Gallo Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived. E.g. United States v. Howard, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.).   The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure. See Gallo Cattle, 159 F.3d at 1197; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS 113628 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

Here, Defendant has received a denial of his request for compassionate release from the Warden of the Oakdale prison. The only information before the Court indicates that the denial was made 30 days from receipt of the request. See Doc. No. 195-3 at Ex. C. Defendant's motion contends that he has exhausted his administrative remedies under § 3582(c)(1)(A) because more than 30 days have now passed since the date that the Warden received the request. Without elaboration, the United States agrees with Defendant that he has met all exhaustion requirements.

There is a significant split among the district courts of this country regarding the proper interpretation of the "lapse of 30 days" language of § 3582(c)(1)(A). Some courts agree with the parties and hold that there is sufficient exhaustion as long as 30 days lapse from the date the Warden receives a request for compassionate release, period. E.g. United States v. Ezukanma, 2020 U.S. Dist. LEXIS 141363, *10-*15 (N.D. Tex. Aug. 6, 2020); United States v. Field, 2020 U.S. Dis. LEXIS 78112, *2-*3 (S.D. N.Y. May 4, 2020); United States v. Kesoyan, 2020 WL 2039028, *3 (E.D. Cal. Apr. 28, 2020) (Mendez, J.). However, other Courts find that the "lapse of 30 days" language creates in essence a limited futility exception. E.g. United States v. Grasha, 2020 U.S. Dist. LEXIS 142401, *13-*16 (W.D. Pa. Aug. 10, 2020); United States v. Van Sickle, 2020 U.S. Dist. LEXIS 122809, *6-*7 (W.D. Wash. July 13, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *10-*21 (M.D. Penn. June 30, 2020); United States v. Opoku, 2020 U.S. Dist. LEXIS 107781, *5-*6 (S.D. Miss. June 19, 2020); Smith, 2020 U.S. Dist. LEXIS 113423 at *16-*17; United States v. Seng, 2020 U.S. Dist. LEXIS 82044, *17-*19 (S.D. N.Y. May 8, 2020); United States v. Weidenhamer, 2019 U.S. Dist. LEXIS 195620, *10-*11 (D. Ariz. Nov. 8, 2019). Under this view, if there is no response within 30 days of submission of a request for compassionate release, a defendant at that point may proceed to court without further administrative action, but, if there is a timely response, the 30 day lapse language has no application and the defendant must follow the otherwise applicable administrative procedures and appeal the denial. See id.

This Court has adopted the latter interpretation of § 3582(c)(1)(A) and views the "lapse of 30 days" language as creating a limited futility exception. See Bolanos, 2020 U.S. Dist. LEXIS 148077 at *7-10 (agreeing with the reasoning of *Seng* and similar cases); United States v. Risley,

2020 U.S. Dist. LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020) (same).  As applied to this case, Defendant has merely waited more than 30 days since he submitted his request for compassionate release to the Warden of Oakdale, even though he received a timely denial by the Warden.  Defendant has not pursued any further administrative remedies/appeals.  Therefore, Defendant has failed to exhaust his available administrative remedies, which is a jurisdictional failure.  See Gallo Cattle, 159 F.3d at 1197; Greenlove, 2020 U.S. Dist. LEXIS 114624 at *15-*16; Howard, 2020 U.S. Dist. LEXIS 113628 at *5; Smith, 2020 U.S. Dist. LEXIS 113423 at *16; Meron, 2020 U.S. Dist. LEXIS 66533 at *5.  Because of this jurisdictional failure, the Court must deny Defendant's motion.[3]  See Bolanos, 2020 U.S. Dist. LEXIS 148077 at *11.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 195) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   September 1, 2020

_____
SENIOR DISTRICT JUDGE

---

[3] Given the jurisdictional nature of § 3582(c)(1)(A)'s exhaustion requirement, simply because the parties agree that a lapse of 30 days from the date a warden receives a request for compassionate release constitutes sufficient exhaustion does not make it so.  See Holman v. Laulo-Rowe Agency, 994 F.2d 666, 668 n.1 (9th Cir. 1992) (holding that subject matter jurisdiction cannot be created through agreement by the parties); Risley, 2020 U.S. Dist. LEXIS at 148078 at *12-*13; Smith, 2020 U.S. Dist. LEXIS at 113423 at *6.